NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD PONT, | |
| Plaintiff, | Civil Action No. 11-04583 (JAP) |
| v. | OPINION |
| ANNIE MAE WILLIAMS and F/V MISS PEACHES, *in rem*, | |
| Defendant. | |

PISANO, District Judge.

Plaintiff Ronald Pont filed this Complaint on August 8, 2011 pursuant to the Jones Act, 46 U.S.C. § 30106, alleging that he sustained personal injuries while employed as a seaman aboard the Fishing Vessel MISS PEACHES. He brings this action against Annie Mae Williams, the widow of the Plaintiff's former employer and the owner of the vessel, and against the vessel itself *in rem*. Currently before the Court is Defendant Annie Mae Williams' Motion to Dismiss for failure to state a claim and for lack of subject matter jurisdiction. The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this Motion shall be granted.

I.  Background

Plaintiff Ronald Pont, a resident of Virginia, was employed as a seaman aboard the commercial fishing vessel MISS PEACHES on August 18, 2008. He claims to have been injured when the captain of the vessel, John Hague, began swinging a steel chain and struck

1

Plaintiff in the jaw.  Plaintiff alleges that he sustained serious injuries that required immediate and continuing medical treatment.  The injury occurred in Ocean County, New Jersey.  The Plaintiff alleged in his Complaint that he was employed by the Defendants Annie Mae Williams, a resident of Scranton, North Carolina, and the MISS PEACHES, which maintains an office in Scranton, North Carolina.  The Plaintiff brings this action against Defendant Williams for negligence under the Jones Act, which states that plaintiffs "may bring a civil action against a master, mate, engineer, or pilot of a vessel, and recover damages, for personal injury or loss caused by the master's, mate's, engineer's, or pilot's—(1) negligence or willful misconduct; or (2) neglect or refusal to obey the laws governing the navigation of vessels." 46 U.S.C. § 30103.  He also brings this action against the vessel Miss Peaches *in rem* for unseaworthiness.  Both counts are based on the same factual allegations and the Defendants' negligent employment of John Hague.

     The instant Motion was filed by Defendant Annie Mae Williams on December 15, 2011.  In it, Ms. Williams demonstrates that she was not the Plaintiff's employer, and that rather her late husband, Mayhew Williams, Jr., employed the Plaintiff.  Moreover, Mr. Williams, and not the Defendant, was the owner of the vessel at the time of the accident.  Ms. Williams argues that, having never been Plaintiff's employer or the owner of the boat at the time the alleged injury occurred, the Plaintiff has failed to state a claim against her for which relief may be granted.  Further, the Movant asserts that her husband passed away in 2009, and that his estate was probated in North Carolina and closed on March 31, 2011.  The Plaintiff never asserted a claim against the estate in this proceeding.  Finally, Defendant Williams argues that this Court lacks subject matter jurisdiction to hear the case.

## II.     Motion to Dismiss for Failure to State a Claim Against Annie Mae Williams

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. In deciding a Motion to Dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009). All reasonable inferences must be made in the Plaintiff's favor. *Nami v. Fauver*, 82 F.3d 63 (3d Cir. 1996); *Oshiver v. Levin, Fishbien, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994).

Recently, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). The *Twombly* Court stated that, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007). More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Although the Complaint names "the Defendants" as Plaintiff's employers for purposes of the Jones Act, the submissions in support of and opposition to dismissal have demonstrated that Defendant Ms. Williams never employed the Plaintiff. Neither did she own the boat at the time the alleged injury occurred. The Plaintiff readily admits these facts, but claims that he never sought to bring a claim against Ms. Williams in her personal capacity. Instead, he claims that

she is liable as the former executrix of her husband's now-closed estate in North Carolina, as a beneficiary of that estate, and as the current owner of the MISS PEACHES.

However, the Plaintiff has not sued Ms. Williams in any representative capacity, and has not asserted any legal basis for holding her personally liable. He merely asserts that she "stands in the shoes of the decedent," without citing any law to support that assertion. He also cites the law that there can only be "one person, firm or corporation" considered an employer under the Jones Act, *Cosmopolitan Shipping Co. v. McAllister*, 337 U.S. 783, 791 (1949), and speciously asserts that the Defendant must be his employer because otherwise he would have no employer from whom to seek recourse. The fact that Plaintiff's former employer is deceased and his estate is closed does not mean that any legal claims Plaintiff had against him may now be maintained against his widow in her personal capacity. That she is the former executrix and a beneficiary of her husband's estate also does not make her personally liable for unasserted claims against that estate.

The Plaintiff's claim that Ms. Williams may be held personally liable as the current owner of the MISS PEACHES is similarly unfounded. The Jones Act claim may only be maintained against his employer. 46 U.S.C. § 30104; *Cosmopolitan Shipping Co. v. McAllister*, 337 U.S. 783, 790 (1949). As to the unseaworthiness claim under maritime law, only the shipowner at the time of the injury can be held liable. *See Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 549-50 (1960) (Shipowner has duty to "furnish a vessel and appurtenances reasonably fit for their intended use."); T. Schoenbaum, 1 *Admiralty and Maritime Law* § 6-25 at 492 (5th ed. 2011) ("The appropriate defendant in an unseaworthiness case is the person who had operational control of the ship at the time the condition was created or the accident occurred."); *Mattes v. National Hellenic American Line, S.A.*, 427 F. Supp. 619, 629 (S.D.N.Y. 1977)

4

(ownership of ship at the time of injury was a material disputed fact).  Finally, Plaintiff's *in rem* claim lies against the boat itself, and not against its past or present owners.  *The Merchants Nat'l Bank of Mobile v. Dredge General G.L Gillespie*, 663 F.2d 1338, 1346 (5th Cir. 1981); *Sea Village Marina LLC v. A 1980 Carlcraft Houseboat*, 2010 U.S. Dist. LEXIS 5936 *17 (D.N.J. Jan 26, 2010).  The owner may not even be a necessary party in such actions.  *Gillespie*, 663 F.2d at 1346.  Thus, Ms. Williams' alleged current ownership of the boat is no basis for personal liability for the events of 2008.

Because the Plaintiff's claims may only lie against his employer or the owner of the boat at the time of his injury, he has failed to state a claim against Defendant Annie Mae Williams.  Mr. Williams was his employer and the owner of the boat at the time of the injury.  Thus, an action against Mr. Williams' estate would be the only appropriate forum for hearing Plaintiff's case, including the parties' dispute over whether the three-year Jones Act statute of limitations overrides the one-year limit on filing claims against an estate in North Carolina.  However, Plaintiff has never named Mr. Williams' estate as a Defendant before this Court.

Even if the Plaintiff had filed his Complaint against Mr. Williams' estate, this District would not be the proper venue.  Rather, the Jones Act explicitly states that such an action "shall be brought in the judicial district in which the employer resides or the employer's principal office is located."  46 U.S.C. § 30103.

### III.    The *In Rem* Claim Against the MISS PEACHES

Although the MISS PEACHES is not a party to this Motion, the Court finds that it lacks subject matter jurisdiction to hear the *in rem* claim against the boat itself.  "A maritime lien gives to its holder a property right in a vessel, and the proceeding *in rem* is simply a means of

5

enforcing the property right." *Gillespie*, 663 F.2d at 1346.  The lien may arise from a tort such as that alleged in this case.  *Id.*  However, for a court to have jurisdiction over such a claim, the vessel must be arrested in admiralty within the court's territorial jurisdiction.  *Id.*; *Cactus Pipe & Supply Co., Inc. v. M/V MONTMARTRE*, 756 F.2d 1103, 1107 (5th Cir. 1985) (citing *Reed v. The YAKA*, 307 F.2d 203, 204 (3d Cir. 1962), *rev'd on other grounds*, 373 U.S. 410 (1963)).  The Plaintiff has not asserted any basis for this Court's jurisdiction over his *in rem* claim against the MISS PEACHES, and the Defendant Ms. Williams claims that he has not even attempted to arrest the MISS PEACHES to trigger jurisdiction.  Thus, the claim against the remaining Defendant, the MISS PEACHES, will be dismissed.

## IV.  Conclusion

For the foregoing reasons, the Plaintiff has failed to state a claim against Defendant Annie Mae Williams, and the Court lacks jurisdiction to hear the claim against the remaining Defendant, the MISS PEACHES, *in rem*.  Therefore, this case is closed.  An appropriate Order follows.

/s/ Joel A. Pisano_____
JOEL A. PISANO
United States District Judge

Dated: May 17, 2012